IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:11-cr-33 (WLS) |
| | : | |
| RODERICK WAYNE EVANS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Roderick Wayne Evans moved the Court to reduce his sentence based on a retroactive amendment to the United States Sentencing Guidelines (U.S.S.G.). (Doc. 309.) Specifically, he moved the Court to reduce his sentence under Amendment 782, effective November 1, 2014 and made retroactive, which lowers the base offense levels for particular drug offenses listed at U.S.S.G. § 2D1.1(c). The Government agreed that Evans is eligible for a sentence reduction under Amendment 782. (Doc. 310 at 3.) The United States Probation Office, without objection from the Government, prepared AO Form 247 for the Court, and the Court signed it, thereby granting Evans a sentence reduction under Amendment 782. (Doc. 311.) In light of the recent shift in law and policy regarding the availability of sentence reductions to defendants who were sentenced below their applicable statutory mandatory minimums under Federal Rule of Criminal Procedure 35(b)(4), the Court issues this Order as a supplement to its Order granting Evans' Motion for a Sentence Reduction for the purpose of explaining its findings and conclusions of law.

**I.  Shift in Law and Policy Regarding the Application of U.S.S.G. Amendments where Statutory Mandatory Minimums Applied at Sentencing**

The U.S.S.G. are periodically amended retroactively, making certain defendants eligible for sentence reductions. 18 U.S.C. § 3582(c)(2) allows a court to modify a defendant's sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

With regard to previous amendments to the U.S.S.G., courts have held that where a defendant's conviction triggered a statutory mandatory minimum and the defendant's sentence was only lower than the mandatory minimum because the court had granted a Rule 35(b) motion, that defendant was ineligible for a sentence reduction under a U.S.S.G. amendment. In *United States v. Smith*, 386 F. App'x 889 (11th Cir. 2010), the Eleventh Circuit considered whether a defendant who was sentenced to consecutive mandatory minimum sentences and received a Rule 35(b) reduction was eligible for an Amendment 706 reduction. The defendant argued that "because he was granted relief following the government's Rule 35(b) motion, his statutory mandatory minimum" had been "eliminated." *Id.* at 890. The Circuit held that the Rule 35(b) reduction "'does not constitute a waiver' or 'somehow eliminate the otherwise applicable mandatory minimum'" and that the defendant was not eligible for an Amendment 706 reduction because his sentence was not based upon his U.S.S.G. § 2D1.1 offense level. *Id.* (quoting *United States v. Williams*, 549 F.3d 1337, 1338-89 (11th Cir. 2008)). In a another case involving a motion for a sentence reduction under Amendment 706, the Eleventh Circuit held, "[A]lthough Amendment 706 lowered the base offense level of [the defendant's] crack cocaine offense, it did not affect [the defendant's] applicable guidelines range of 240 months. . . . Likewise, the subsequent granting of a Rule 35(b) substantial assistance motion does not waive the statutory mandatory minimum as to the original sentence and does not make the defendant entitled to a § 3582(c)(2) reduction." *United States v. Rumph*, 384 F. App'x 913, 914 (11th Cir. 2010).

In accordance with these earlier Eleventh Circuit cases, Comment Note 1(A) to U.S.S.G. § 1B1.10 states generally that a defendant is ineligible for a reduction under 18 U.S.C. § 3582(c)(2), which allows for reductions when the U.S.S.G. are amended, if the amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline range or a statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."

However, after the enactment of Amendment 782, the U.S. Sentencing Commission explicitly clarified that in circumstances like Evans' where a defendant was sentenced to a mandatory minimum that fell above his guideline range and then received a Rule 35(b) reduction, the mandatory minimum does not trump any subsequent reductions available

2

under U.S.S.G. amendments. U.S.S.G. § 1B1.10(c), n. 4. *See United States v. Carrington*, No. 10-20076-09, 2016 WL 248363 (D. Kan. Jan. 21, 2016) (explaining the Sentencing Commission's policy statement regarding the applicability of Amendment 782 to cases involving mandatory minimums and Rule 35(b) reductions and concluding that a defendant who was sentenced under a mandatory minimum and awarded a Rule 35(b) reduction was eligible for an Amendment 782 reduction).

The Sentencing Commission's policy statements on the application of the U.S.S.G. are binding insofar as courts are required to make U.S.S.G. determinations at sentencing and in considering sentence reductions under 18 U.S.C. § 3582(c)(2) (though of course the U.S.S.G. themselves are not binding). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). So far, the Fourth and Seventh Circuits have considered cases like the one presently before the Court and applied the Sentencing Commission's policy statement to allow sentence reductions under Amendment 782 where defendants received sentences below the mandatory minimum due to Rule 35(b) motions. *United States v. Williams*, 808 F.3d 253, 260 (4th Cir. 2015), *rehr'g en banc denied*, 808 F.3d 253 (4th Cir. 2016); *United States v. Freeman*, 586 F. App'x 237, 239 (7th Cir. 2014).

## II.     Evans' Eligibility for an Amendment 782 Reduction

Evans was convicted of one count of conspiracy to possess with intent to distribute more than five kilograms of cocaine. Evans was originally sentenced to a statutory mandatory minimum of 240 months. (Doc. 70.) His original guideline range, had it applied, would have 151 to 188 months. (Doc. 63.) Rule 35(b)(4) explicitly allows the Court to depart from a mandatory minimum in granting a Rule 35(b) motion. The Court granted the Government's Rule 35(b) motion and reduced Evans' sentenced to 168 months. (Doc. 306.) Disregarding the mandatory minimum originally applicable to Evans, Evans' new guideline range under Amendment 782 is 121 to 151 months.

In accordance with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(c), n. 4 and in concurrence with other United States Circuit and District courts throughout the country, the Court concludes that Evans is eligible for a sentence reduction under Amendment 782 despite the applicability of a statutory mandatory minimum at the time of his original sentencing. The Court finds that Evans' new guideline range is 121 to

151 months. The Court, in considering the factors in 18 U.S.C. § 3553(a), **GRANTS** Evans' Motion for a Sentence Reduction (Doc. 309) and reduces his sentence to 85 months' imprisonment.

**SO ORDERED**, this 6th day of April, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**